UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


JAMES SULLIVAN,                    )
          Petitioner              )
                                  )
          v.                       )  C.A. No. 10-cv-30194-MAP
                                  )
JAMES SABA,                       )
          Respondent              )


MEMORANDUM AND ORDER REGARDING
RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS
CORPUS AND PETITIONER'S MOTION FOR STAY AND ABEYANCE OF
PROCEEDINGS TO BRING FURTHER ACTION IN THE STATE COURT FOR
PURPOSES OF EXHAUSTION OF STATE REMEDIES
(Dkt. Nos. 7 and 25)

January 5, 2011

PONSOR, U.S.D.J.


I. INTRODUCTION

    Petitioner, James Sullivan, was indicted in the Hampden

County Superior Court on January 12, 2007, on two counts of

distribution of cocaine as a subsequent offender in

violation of Mass. Gen. Laws ch. 94C, § 32A(c) and (d).

After a jury trial, he was found guilty on both counts.  He

then pled guilty to the second and subsequent portion of the

offenses.  Petitioner was sentenced on September 6, 2007, to

eight years in prison on each count, to be served

concurrently.  After unsuccessfully appealing his conviction in the Massachusetts Appeals Court ("Appeals Court") and Supreme Judicial Court ("SJC"), Petitioner filed a petition for a writ of habeas corpus (Dkt. No. 1).

Now before the court is Respondent's motion to dismiss the petition on the grounds that Petitioner has not exhausted his state court remedies.  (Dkt. No. 7.)  Instead of opposing the motion to dismiss, Petitioner has filed a motion to stay the proceedings to allow him to exhaust his state court remedies.  (Dkt. No. 25.)  Respondent opposes Petitioner's motion for a stay.  (Dkt. No. 27.)  For the reasons stated below, the court will allow Respondent's motion to dismiss unless Petitioner files an amended petition deleting his unexhausted claims on or before February 10, 2012.  The court will deny Petitioner's motion for a stay.

## II. BACKGROUND

After the imposition of his sentence, Petitioner filed a timely notice of appeal in the Massachusetts Appeals Court.  His appeal raised the following claims:

(1) The testimony of Trooper Geiger and Agent

Dillon that Charles Smith became a government informant only after satisfying a criminal background check and after his veracity was corroborated gives rise to reversible error where this testimony constitutes impermissible vouching.

(2) It was prejudicial error for the trial judge to admit over objection, subject to a limiting instruction, Mr. Smith's testimony that he had purchased cocaine from the defendant prior to February 17, 2006 and February 28, 2006.

(3) The trial court committed reversible error in permitting extraneous references to a gang investigation which was immaterial to those matters before the jury.

(4) Defendant's Sixth Amendment right to confrontation was violated where the trial court erroneously admitted as evidence drug certificates in opposition to Crawford v. Washington, 541 U.S. 36 (2004).

(5) Trial counsel's failure to object to the introduction of the vouching testimony detailed in Argument I, the testimony pertaining to the gang investigation detailed in Argument III and the introduction of the drug certification detailed in Argument IV was manifestly unreasonable such that Defendant was denied his right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article Twelve of the Massachusetts Declaration of Rights.

(6) The combined effect of the errors detailed in Arguments I - III mandates reversal of Defendant's convictions.

(Manually Filed Exhibit, App. to Resp't's Mot. to Dismiss ("APP"), at 40, 47, 54, 59, 64, and 66.) The Appeals Court

affirmed Petitioner's convictions on June 4, 2010.  See
Commonwealth v. Sullivan, 76 Mass. App. Ct. 864, 927 N.E.2d
519 (2010).

On June 25, 2010, Petitioner filed an application for
further appellate review ("ALOFAR") in the SJC.  Petitioner
argued that review of the Appeals Court decision was
necessary "to clarify the state of the law in Massachusetts"
(APP at 184) on the following issues:

> (1) Whether, under Massachusetts law, police
> testimony which detailed that they verified the
> reliability of an individual so that they could
> use him as a paid informant was impermissible
> vouching.
>
> (2) Whether, under Massachusetts law, it was
> overly prejudicial to introduce Smith's testimony
> which detailed his prior purchase of drugs from
> Mr. Sullivan.
>
> (3) Whether, under Massachusetts law, repeated
> extraneous testimony that Mr. Sullivan's arrest
> resulted from a gang related investigation denied
> Mr. Sullivan a fair trial.
>
> (4) Whether, under Massachusetts law, the
> introduction of two drug certificates, without an
> opportunity to cross-examine the chemist,
> constituted harmless error.

(Id. at 188, 192, 193, and 195.)  The SJC denied
Petitioner's ALOFAR on August 3, 2010.  See Commonwealth v.

<u>Sullivan</u>, 457 Mass. 1108, 931 N.E.2d 469 (2010).

Petitioner filed a <u>pro</u> <u>se</u> petition for a writ of <u>habeas</u> <u>corpus</u> in this court on September 29, 2010, raising four issues:

> (1) Ground 1: Petitioner's Confrontation Rights were violated under <u>Crawford v. Washington</u>, [541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)], and <u>Melendez-Diaz v. Massachusetts</u>, [129 S.Ct. 2527, 174 L.Ed.2d 314 (2009)].

> Supporting Facts: State Appeals Court conceded that Trial Court erroneously admitted as evidence drug certificates.  The Appeals Court deemed the error harmless in light of Informant and Officer testimony that the purported substance appeared to be cocaine . . . .  Field Testing Officer admitted he did not have training as a Chemist, or Drug Analysis.  The Officer also conceded that the field test was not intended to substitute for a laboratory test. . . .

> (2) Ground Two: Denied Full and Fair Direct Appellate Review.  Process Ineffective to protect the rights of the petitioner.

> Supporting Facts: It is the position of the petitioner that The Appellate Court's decision is nothing more than an attempt to circumvent established Federal Law by misconstruing the facts relevant to petitioner's Confrontation Claim[s] and State law claims.

> (3) Ground Three: State Trial Court committed reversible error by allowing Impermissible Vouching, also allowed introduction of prior bad acts.

Supporting Facts: State Trooper and FBI Agent were allowed to vouch for credibility of Informant which induced the jury to trust the governments judgment, rather than its own view of the evidence. Limiting jury instruction did not void prejudicial effect of prior bad act testimony.

(4) Ground Four: Petitioner subject to Ineffective Assistance of Counsel.

Supporting Facts: Trial Counsel failed to object to irrelevant and prejudicial introduction of Vouching Testimony, introduction of testimony of gang investigation, introduction of drug certificates, which was manifestly unreasonable.

(Dkt. No. 1, Pet. for Writ of Habeas Corpus, at 5-6.)

### III. DISCUSSION

A federal court cannot hear a petition for habeas corpus unless the petitioner has fully exhausted his state court remedies for every claim in the petition. 28 U.S.C. § 2254(b)(1)-(2); Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 1203-04, 71 L.Ed.2d 379 (1982). If a petition contains both exhausted and unexhausted claims, the petition must generally be dismissed. Rose, 455 U.S. at 522, 102 S.Ct. at 1205. The court also has the discretion to deny, but not grant, a mixed petition. 28 U.S.C. § 2254(b)(1)-(2). In some circumstances, a petitioner may delete his unexhausted claims and proceed only on his exhausted claims.

6

<u>Rhines v. Weber</u>, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).

In this case, Respondent argues that none of Petitioner's four claims are exhausted, while Petitioner contends that the petition contains both exhausted and unexhausted claims. Petitioner further argues that he is entitled to a stay of his petition under <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), which allows stays under limited circumstances for mixed petitions only, while he exhausts his unexhausted claims in state court.

The court agrees with Petitioner that, despite the absence of any explicit reference to federal law in his ALOFAR, some of his federal claims have been exhausted in state court. Nevertheless, a stay is inappropriate under the factors outlined in <u>Rhines</u>. Because dismissing the entire petition would unfairly prevent Petitioner from obtaining any federal relief on his potentially meritorious exhausted claims, the court will allow Petitioner, if he wishes, to delete the unexhausted claims from the petition and proceed on his exhausted claims only. If Petitioner

chooses not to do so, the court will dismiss the entire
petition.

A. <u>Exhaustion</u>.

To satisfy the exhaustion requirement, a petitioner
must "fairly present" his federal claim to the state court
before seeking <u>habeas</u> review.  <u>Clements v. Maloney</u>, 485 F.3d
158, 162 (1st Cir. 2007).  A claim is fairly presented when
the petitioner has "tendered his federal claim 'in such a
way as to make it probable that a reasonable jurist would
have been alerted to the existence of the federal
question.'"  <u>Id.</u> (internal citation omitted).  To do so, the
petitioner must present both the facts and legal theory
underlying his federal claim to the state court.  <u>Gagne v.
Fair</u>, 835 F.2d 6, 7 (1st Cir. 1987).

However, in order to exhaust a federal claim, it is not
always necessary to refer explicitly to a federal
constitutional or statutory provision, or to any specific
federal precedent.  On the contrary, courts must focus on
the substance rather than the form of the claims presented
in state court when determining whether a claim has been
exhausted.  <u>Nadworny v. Fair</u>, 872 F.2d 1093, 1101 (1st Cir.

1989).  The relevant inquiry is "the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours."  Id. at 1098 (emphasis in original).

While recognizing that a citation to the U.S. Constitution or federal precedent is generally recommended, the First Circuit has held that a claim lacking these indicia may exhaust a federal claim under some circumstances.  Barresi v. Maloney, 296 F.3d 48, 54 (1st Cir. 2002) ("[T]here are circumstances under which a habeas petitioner . . . may still fairly present a federal constitutional claim, notwithstanding his or her exclusive reliance upon state court precedent."); Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) ("Although [citation to federal precedent] is strongly recommended if only to avoid controversies of this nature, we have specifically declined to adopt a bright-line rule."); Nadworny, 872 F.2d at 1099 ("[A] wooden rule which unfailingly denies exhaustion if no federal cases were cited stateside seems to us too restrictive.").

In the absence of federal constitutional language or

citation to federal precedent, a petitioner may satisfy his obligation to fairly present a federal claim to the state court by, for example, presenting the substance of a federal constitutional claim in such a way that alerts the state court to the claim's federal nature, claiming violation of a right that is specifically protected by the U.S. Constitution, or raising a state law claim that is indistinguishable from a claim arising under federal law. Barresi, 296 F.3d at 52 (noting that this list is not exhaustive because "each case in which a petitioner is alleged to have inadequately presented his or her federal constitutional claims to the state's highest court is both sui generis and fact-driven, turning on its own unique circumstances").

Finally, to exhaust a federal claim, a petitioner must present the claim to the state's highest tribunal -- in this case, the SJC. Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007). Presenting the claim to the state's intermediate appellate court is insufficient for exhaustion. Id. Nevertheless, the court's inquiry is not confined to an examination of the ALOFAR itself. Under some circumstances,

the court may also look to pleadings submitted to lower state courts, such as a brief submitted to an intermediate state appellate court, to "provide 'a backdrop against which [the petitioner's] later filings [must] be viewed.'" Barresi, 296 F.3d at 52 (citing Scarpa, 38 F.3d at 7) (explaining that relying on lower state court pleadings is appropriate where a petitioner has not clearly abandoned federal claims advanced before lower courts on appeal to the SJC).  With that background in mind, the court will now turn to the facts of this case.

    1. Grounds One and Two.

    Ground One (Confrontation Clause) and Ground Two (denial of "full and fair" direct appellate review) relate to the erroneous admission into evidence of drug certificates.  It is undisputed that the facts underlying Ground 4 of Petitioner's ALOFAR -- in which he argued that the introduction of the drug certificates without an opportunity to cross examine the chemist was not harmless error under Massachusetts law -- are identical to the facts underlying his habeas Confrontation Clause claims offered here in Grounds One and Two.  The question to be resolved is

whether the legal theory underlying the claims is also the same, despite Petitioner's reference to Massachusetts law only.

Looking first to Petitioner's brief to the state Appeals Court, he clearly argued that the introduction of drug certificates "violated the defendant's Sixth Amendment right to confrontation as set forth in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004)." (APP at 41.) Petitioner cited to <u>Crawford</u> throughout the brief and to another case that was then before the U.S. Supreme Court, <u>Melendez-Diaz v. Massachusetts</u>, 129 S. Ct. 2527, 174 L.Ed.2d 314 (2009). Petitioner's Appeals Court brief in this case is, thus, similar to the lower court filings considered in <u>Barresi</u> and <u>Scarpa</u>, where the First Circuit found that "by identifying the Sixth Amendment in his motion for a new trial, petitioner cites a specific provision of the Constitution, and, at the same time, provided a backdrop against which his later filings had to be viewed." <u>Barresi</u>, 296 F.3d at 55 (citing <u>Scarpa</u>, 38 F.3d at 7).

It is true that in the ALOFAR Petitioner, as noted, failed to make reference to the U.S. Constitution and cited

state precedent.  Nevertheless, against the backdrop of the Appeals Court filings, the ALOFAR made sufficiently clear that Petitioner was continuing to assert his federal constitutional rights under the Sixth Amendment.  First, Petitioner did cite to one federal case, In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), to support his argument that admitting the drug certificates in violation of the Sixth Amendment was not harmless error. Furthermore, the state court cases which Petitioner cited did not concern rights protected by the Massachusetts constitution, but those protected by the Sixth Amendment of the U.S. Constitution.  See, e.g., Commonwealth v. Vasquez, 456 Mass. 350, 923 N.E.2d 524 (2010) (holding that admission of drug certificates in violation of Crawford and Melendez-Diaz was not harmless error).[1]  As the First Circuit has

_____

[1] The First Circuit has held that "citation to a state decision whose holding is prominently predicated on federal precedent is sufficient" to constitute exhaustion of a federal claim.  Tart v. Massachusetts, 949 F.2d 490, 494 (1st Cir. 1991). The state court decision cited by Petitioner in this case relied primarily on other state precedent to find that a violation of the Sixth Amendment of the U.S. Constitution was not harmless error, citing only a handful of U.S. Supreme Court decisions. Vasquez, 923 N.E.2d at 533-39.  Although the Vasquez decision is thus not "prominently predicated" on federal precedent, the decision nevertheless interprets the federal constitution and, in this way, could reasonably have alerted the SJC to a federal

explained,

> [C]omity . . . is a two-way street.  It cannot
> demand that lawyers within a state, having helped
> to develop a caselaw rich enough to sustain the
> protection of federal constitutional rights under
> the state's own precedent, then be prohibited from
> using that precedent to exhaust a federal
> constitutional claim.  The federal courts could
> hardly visit a greater insult on a state system of
> criminal justice.

Nadworny, 872 F.2d at 1101.  As in Nadworny, this is not a

case "dealing with the application of state law in lieu of

federal law.  Rather, this is the paradigm case where the

state system applied the federal constitution."  Id. at

1101-02 (emphasis in original).  The fact that Petitioner

framed his claim as arising "under Massachusetts law" (APP

at 188, 192, 193, and 195) does not change this analysis

because the relevant inquiry focuses on the substance, not

the form, of the claim.  Nadworny, 872 F.2d at 1101.

Although Petitioner could have stated his federal claim

more clearly by directly invoking the U.S. Constitution and

federal precedent, the ALOFAR was sufficient to alert a

reasonable jurist to the existence of a federal

---

constitutional claim, especially in light of Petitioner's filings
in the Massachusetts Appeals Court.

constitutional claim, especially when read against the backdrop of Petitioner's Appeals Court brief.  Thus, Grounds One and Two of the <u>habeas</u> petition have been exhausted.

    2. <u>Ground Three</u>.

In Ground Three, Petitioner raises two separate claims: that the trial court committed reversible error by (1) allowing impermissible vouching and (2) by allowing the introduction of prior bad acts.

Respondent argues that these claims do not present any federal questions at all because they only raise issues of state evidentiary law.  Petitioner responds that impermissible vouching and introducing prior bad acts constitute prosecutorial misconduct and raise a federal due process issue.  The court need not resolve this dispute because Petitioner did not raise either federal claim -- directly or indirectly -- before the SJC.  Unlike the <u>Crawford</u> claims implicitly raised in Ground 4 of the ALOFAR, the state court predecessors to Ground Three of this petition lacked the manifest federal core that would have alerted the SJC to a federal issue without any references to the U.S. Constitution or federal precedent.  <u>Nadworny</u>, 872

F.2d at 1099.

In both the ALOFAR and his filings in the state Appeals Court, Petitioner presented these supposed "due process" claims primarily as state evidentiary issues and failed to even mention the words "prosecutorial misconduct" or "due process" -- let alone cite to any federal constitutional provisions or precedent.  While Petitioner in his Appeals Court brief made a brief citation to <u>United States v. Young</u>, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), which concerns prosecutorial misconduct, and made vague references to being denied his right to a "fair trial" (APP at 46), this alone cannot be expected to alert the SJC to the existence of a federal due process claim.  Consequently, the court finds that Ground Three of the <u>habeas</u> petition is unexhausted.

3. <u>Ground Four</u>.

Petitioner concedes that Ground Four of the <u>habeas</u> petition -- ineffective assistance of counsel -- is unexhausted.

B. <u>Stay and Abeyance</u>.

While courts must generally dismiss <u>habeas</u> petitions

that are not fully exhausted, under some "limited circumstances" a district court may stay a mixed petition that contains both exhausted and unexhausted claims while the petitioner exhausts his remedies in state court. Rhines, 544 U.S. at 275-79, 125 S.Ct. at 1533-35. A stay and abeyance is appropriate if dismissal of the petition would "unreasonably impair the petitioner's right to obtain federal relief" because, for example, the statute of limitations would bar the petitioner from re-filing the petition after exhausting his state remedies and if "the petitioner had good cause for his failure to exhaust; his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278, 125 S.Ct. at 1535.

In this case, the record will not support a finding of good cause for the Petitioner's failure to exhaust. He argues that his failure to exhaust was due to the ineffective assistance of his appellate counsel, who for some reason removed any mention of his federal claims from the ALOFAR. However, the First Circuit does not recognize

ineffective assistance of counsel or strategic decisions of counsel as good cause in this context. <u>Gaouette v. O'Brien</u>, C.A. No. 07-12202-MLW, 2010 WL 5376849, at *1 (D. Mass. Dec. 20, 2010) ("If [the failure to exhaust claims] was the product of strategic decision making by petitioner's appellate counsel, the First Circuit has held that 'the intentional decision to omit some claims from the ALOFAR cannot amount to good cause [for a stay].' If, instead, it was the product of ignorance or inadvertence, the First Circuit has held that an attorney's '[i]gnorance of the law does not constitute good cause' . . . ." (citing <u>Clements</u>, 485 F.3d at 170, and <u>Josselyn</u>, 475 F.3d at 5)).

Petitioner also argues that, because he filed the <u>habeas</u> petition <u>pro</u> <u>se</u>, he understandably did not know that the exhaustion requirement had not been satisfied or that he still had time to exhaust his claims before filing in federal court. However, Petitioner's <u>pro</u> <u>se</u> status does not constitute good cause.

First, filing <u>pro</u> <u>se</u> does not excuse a petitioner from the exhaustion requirement. <u>Rose</u>, 455 U.S. at 520, 102 S.Ct. at 1204 ("Just as pro se petitioners have managed to

use the federal habeas machinery, so too should they be able
to master this straightforward exhaustion requirement.");
<u>Reyes v. Pepe</u>, No. 10-10323-GAO, 2011 WL 740755, at *1 (D.
Mass. Feb. 24, 2011) ("[H]is pro se status at the time of
filing does not alone relieve him of habeas exhaustion
requirements.").

Second, <u>habeas</u> counsel was appointed on December 15,
2010 -- almost one year before the statue of limitations to
file a <u>habeas</u> petition ran out.  Counsel had plenty of time
to exhaust Petitioner's claims and refile the <u>habeas</u>
petition during this time.  <u>Cf.</u> <u>Reyes</u>, 2011 WL 740755, at *1
("[C]ounsel was appointed for the petitioner over three
months before the statute of limitations period for the
filing of a habeas petition has lapsed.  Counsel apparently
made no effort during that period to exhaust the
petitioner's claims.").

While Petitioner's claims are potentially meritorious
-- indeed, the state Appeals Court determined that admitting
the drug certificates violated Petitioner's rights under the
Confrontation Clause, but found that this error was
harmless, <u>Sullivan</u>, 927 N.E.2d at 526 -- and there is no

evidence that Petitioner engaged in dilatory litigation tactics, the lack of good cause for Petitioner's failure to exhaust makes stay and abeyance inappropriate in this case.

Although a stay is inappropriate, dismissal of the entire petition would unreasonably prevent Petitioner from obtaining federal review of his exhausted claims. The statute of limitations for filing a <u>habeas</u> corpus petition has already passed,[2] and if the petition is dismissed entirely, Petitioner will be unable to obtain any federal relief, including on his exhausted and potentially meritorious Confrontation Clause claims.

Under such circumstances, the Supreme Court has held that the court may allow Petitioner to delete the unexhausted claims from the petition and proceed with the exhausted claims only. <u>Rhines</u>, 544 U.S. at 278, 125 S.Ct.

---

[2] A petitioner must bring a writ of <u>habeas</u> <u>corpus</u> within one year of the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A). The SJC denied Petitioner's ALOFAR on August 3, 2010. The statute of limitations begins to run once the time period for filing certiorari is completed -- in this case, ninety days after the final state court judgment. <u>Clay v. United States</u>, 537 U.S. 522, 525, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003). Thus, Petitioner had to file a <u>habeas</u> petition by November 1, 2011.

at 1535.  The court will choose this route and issue a provisional decision allowing Petitioner to voluntarily dismiss his unexhausted claims and proceed on his exhausted Confrontation Clause claims by filing an amended petition on or before February 10, 2012. If Petitioner does not delete his unexhausted claims, the court will allow the motion to dismiss in its entirety.  <u>See, e.g.</u>, <u>Clements</u>, 485 F.3d at 161 (noting that the district court gave the petitioner an opportunity to voluntarily dismiss his unexhausted claims); <u>Ali v. O'Brien</u>, 407 F.Supp.2d 345, 351 (D. Mass. 2006) (allowing motion to dismiss <u>habeas</u> petition in its entirety unless Petitioner filed an amended petition within thirty days deleting the unexhausted claims).

IV. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion for Stay and Abeyance (Dkt. No. 25) is hereby DENIED.  Respondent's Motion to Dismiss (Dkt. No. 7) will be ALLOWED in its entirety on February 10, 2012 unless, on or before that date, Petitioner files an amended petition deleting Grounds Three and Four.

21

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge