UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


JAMES SULLIVAN,                      )
            Petitioner              )
                                    )
      v.                            )  C.A. No. 10-cv-30194-MAP
                                    )
JAMES SABA,                         )
            Respondent              )


MEMORANDUM AND ORDER REGARDING
PETITIONER'S MOTION TO VACATE AND
RESPONDENT'S MOTION TO DISMISS PETITION
(Dkt. Nos. 29 & 31)

April 20, 2012

PONSOR, U.S.D.J.

I.  INTRODUCTION

      Petitioner James Sullivan filed a pro se petition for a

writ of habeas corpus on September 29, 2010, raising four

issues:

      (1) Ground 1: Petitioner's Confrontation Rights
      were violated under Crawford v. Washington, and
      Melendez-Diaz v. Massachusetts. . . .

      (2) Ground Two: Denied Full and Fair Direct
      Appellate Review.  Process Ineffective to protect
      the rights of the petitioner. . . .

      (3) Ground Three: State Trial Court committed
      reversible error by allowing Impermissible
      Vouching, also allowed introduction of prior bad
      acts. . . .

      (4) Ground Four: Petitioner subject to Ineffective
      Assistance of Counsel.

(Dkt. No. 1, at 5-6.)  Respondent filed a motion to dismiss

based on a failure to exhaust.  (Dkt. No. 7.)  On January 5, 2012, the court issued a Memorandum and Order, ruling that the motion to dismiss would be allowed in its entirety on February 10, 2012, unless Petitioner filed an amended petition on or before that date deleting Grounds Three and Four.  (Dkt. No. 28.)

On February 10, 2012, Petitioner filed an Amended Petition along with a supporting memorandum of law.  (Dkt. Nos. 29 & 30.)  Respondent filed a new motion to dismiss, which is unopposed.  (Dkt. No. 31.)  For the reasons stated below, the court will deny Petitioner's amended petition and allow Respondent's motion to dismiss.

## II. DISCUSSION

In its January 5 order, the court made clear that, to avoid dismissal of his petition for a writ of habeas corpus, Petitioner had to file an amended petition that deleted Grounds Three and Four, which the court held had not been exhausted in state court.  Petitioner has failed to do so. Instead, Petitioner filed an "amended petition" that (1) fails to delete Ground Four; (2) includes new unexhausted claims; (3) seeks different and additional relief; and (4) is not in the prescribed form.

Petitioner labels the issues presented in his amended petition as Grounds One and Two and begins his discussion of

2

each with an introductory sentence that mirrors Grounds One
and Two of the original petition.  (Dkt. No. 30, Mem. in
Supp. of Am. Pet., at 10, 12.)  However, the crux of both of
Petitioner's arguments is that he received ineffective
assistance of counsel.  (See id. at 11-12 ("The defendant's
trial counsel did not object to the admission of these
certificates on confrontation grounds . . . ."); id. at 12
(concluding, under Ground One, that Petitioner "was deprived
of his right to effective assistance of counsel" because of
his counsel's failure to object to the admission of the drug
certificates); id. ("Trial counsel failed to object to the
admission of a document which was created by a witness not
called at trial and therefore not subject to cross-
examination."); id. (concluding, under Ground Two, that "had
he been represented by effective assistance of counsel these
issues would have been properly raised in his appeal and
would have resulted in a different outcome").)  The court
held in its January 5 order that Petitioner had not
exhausted his ineffective assistance of counsel claims,
which were originally presented in Ground Four, and ordered
Petitioner to delete these claims.  By attempting to insert
these claims under the guise of Grounds One and Two,
Petitioner has contravened the court's order.

In addition to failing to delete Ground Four, the

3

amended petition also includes new unexhausted ineffective assistance of counsel claims that were not raised in the original petition. (<u>Compare</u> <u>id.</u> at 14 (arguing that "trial counsel failed to move to exclude as unreliable any evidence of this field test under Daubert" and that Petitioner received ineffective assistance of appellate counsel), <u>with</u> Dkt. No. 1, Pet. for Writ of Habeas Corpus, at 6 (arguing only that "[t]rial counsel failed to object to irrelevant and prejudicial introduction of Vouching Testimony, introduction of testimony of gang investigation, introduction of drug certificates . . . .").) The addition of these new claims also violates the court's order, which denied Petitioner's motion to stay the proceedings to allow him to exhaust new claims in state court.

Petitioner also seeks different relief in his amended petition than he sought in the original petition. Petitioner asks the court to vacate, set aside, or correct his conviction and for an evidentiary hearing to address the issues raised by his memorandum. (Dkt. No. 30, Mem. in Supp. of Am. Pet., at 1, 12, 14.)

Finally, the amended petition is not in the prescribed form. According to the Rules Governing Section 2254 Cases, a petition for <u>habeas</u> <u>corpus</u> must "(1) specify all the grounds for relief available to the petitioner; (2) state

the facts supporting each ground; [and] (3) state the relief requested," and must "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rules Governing Section 2254 Cases in the United States District Courts, Rules 2(c)-(d). The amended petition in this case does not list any grounds for relief or supporting facts. (Dkt. No. 29, Am. Pet.) While the accompanying memorandum of law does specify the grounds for relief, the facts supporting each ground, and the relief requested, it does not substantially follow the standard petition form. Furthermore, "[i]t is the petition for a writ of habeas corpus, not subsequently filed memorandum, which defines the claim for habeas relief." Smiley v. Maloney, No. 01-11648-GAO, 2003 WL 23327540, at *16, n.39 (D. Mass. Oct. 31, 2003).

### III. CONCLUSION

Because Petitioner has failed to comply with the court's January 5 order, Respondent's Motion to Dismiss (Dkt. No. 31) is hereby ALLOWED.[1] Petitioner's Motion to Vacate (Dkt. No. 29) is correspondingly DENIED. The clerk will enter judgment for Respondent; this case may now be closed.

---

[1] The lack of any opposition to the motion to dismiss may also provide an independent basis for the motion's allowance.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge