```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


JAMES SULLIVAN,                      )
          Petitioner                 )
                                     )
          v.                         ) C.A. No. 10-cv-30194-MAP
                                     )
JAMES SABA,                          )
          Respondent                 )
```

MEMORANDUM AND ORDER REGARDING
PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY
(Dkt. No. 55)

September 25, 2012

PONSOR, U.S.D.J.


Petitioner was convicted in state court on two counts of distribution of cocaine as a subsequent offender; he received a sentence of eight years. On September 29, 2010, he filed a petition for a writ of habeas corpus before this court on, essentially, four grounds: (1) improper admission of a drug certificate in violation of Crawford v. Washington, 541 U.S. 36 (2004); (2) denial of effective direct appellate review in state court; (3) improper prosecutorial vouching; and (4) ineffective assistance of

counsel.

On November 8, 2010, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies. (Dkt. No. 7.) On November 29, 2010, the court allowed the motion based on the merits of Respondent's argument and Petitioner's failure to oppose. On November 30, 2010, the court vacated the order of dismissal and reopened the case, based on the fact that counsel had not been appointed at the time of the court's earlier ruling.

On February 1, 2011, the court granted Petitioner a 60-day extension to file his response to the Motion to Dismiss. After four further extensions, Petitioner on July 7, 2011, did not file an opposition to Respondent's Motion to Dismiss, but instead filed a motion to stay proceedings on the petition. (Dkt. No. 25.) The motion to stay conceded that the petition contained unexhausted claims but argued that Petitioner should be given time to return to state court to exhaust these claims before the court ruled on Respondent's pending motion to dismiss his admittedly "mixed" petition.

Respondent vigorously opposed the stay, taking the

position that <u>all</u> Petitioner's claims were unexhausted and that, even if the petition contained some exhausted claims, proper grounds for a stay did not exist. Under these circumstances, Respondent contended, immediate dismissal was the proper course.

On January 5, 2012, the court denied Petitioner's Motion to Stay (Dkt. No. 25) and ruled that Respondent's Motion to Dismiss (Dkt. No. 7) would be allowed in its entirety on February 10, 2012, unless by that date Petitioner filed an amended petition deleting the unexhausted claims. (Dkt. No. 28.)

On February 10, 2012, an amended petition was duly filed (Dkt. No. 29.), and Respondent filed a renewed motion to dismiss on February 18, 2012. (Dkt. No. 31.) Respondent's new motion pointed out that Petitioner had failed to comply with the court's January 5 order by including in the amended petition both old and new claims that were clearly unexhausted. Although two months passed following the filing of this second motion to dismiss, no opposition was filed by Petitioner.

On April 20, 2012, the court issued a Memorandum and

Order allowing Respondent's Motion to Dismiss and dismissing Petitioner's amended petition. (Dkt. No. 32.)  The court noted that the amended petition, contrary to the court's order, continued to assert claims, particularly for ineffective assistance of counsel, that were clearly unexhausted, that new unexhausted claims were being offered in the amended petition, and that the amended petition failed to comply with the District Court's Rules governing Section 2254 cases.  The court also noted that Petitioner's failure to oppose the motion to dismiss provided an independent basis for its ruling.  (Dkt. 32 at 5 n.1.) Based on this reasoning, the court on April 20, 2012 ordered entry of judgment for Respondent.  (Dkt. No. 33.)

The April 20 ruling prompted a flurry of filings from Petitioner, all aimed at reversing the court's decision.

On April 25, 2012, Petitioner filed a Motion for Reconsideration of the dismissal of the amended petition (Dkt. No. 34) and, at the same time, a second amended petition. (Dkt. No. 38.)  On May 10, 2012, Petitioner filed a Motion to Vacate the previous judgment. (Dkt. No. 41.)  On May 21, 2012, Petitioner filed a Notice of Appeal of the

judgment to the First Circuit. (Dkt. No. 43.) On June 25, 2012, this court denied Petitioner's Motion to Vacate (Dkt. 41) and also denied Petitioner's Motion to Reconsider (Dkt. No. 34). (Dkt. Nos. 47 & 48.)

On July 2, 2012, Petitioner filed another notice of appeal and on August 20, 2012, the Court of Appeals ordered Petitioner to seek a Certificate of Appealability. Petitioner's Motion for Certificate of Appealability is now before the court. (Dkt. No. 55.)

The Motion for Certificate of Appealability must be denied. The April 20, 2012, ruling allowing Respondent's Motion to Dismiss, resulting in the entry of judgment for Respondent, was straightforward and not subject to reasonable debate. Petitioner had failed to comply with the court's order that he delete unexhausted claims from his original petition. Moreover, he filed no opposition to Respondent's renewed motion to dismiss. The filings that followed the April 20, 2012 judgment constituted a valiant but futile attempt to, so to speak, put Humpty Dumpty back together again. Given the firm basis for the court's April 20 ruling, the court's rulings denying these attempts were,

again, not subject to serious debate.  No jurist of reason reviewing the tangled history of this case could come to any other conclusion but that the petition was subject to dismissal on both procedural and substantive grounds.  Given this, the motion for a Certificate of Appealability (Dkt. No. 55) is hereby DENIED.

    It is So Ordered.

                                         /s/ Michael A. Ponsor  
                                        MICHAEL A. PONSOR  
                                        U. S. District Judge